Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000034
30-APR-2012
09:15 AM

NO. CAAP-11-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DONALD B. MARKS, Petitioner-Appellant
v.
STATE OF HAWAI'I, Respondent-Appellee,


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0080 (CR. NO. 02-1-2410))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, and Ginoza, JJ.)


Petitioner-Appellant Donald B. Marks (Marks), appearing pro se, appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment, Without a Hearing" (Order Denying Second Rule 40 Petition) that was filed on January 3, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1] We affirm.

I.

In his underlying criminal case, Marks pleaded no contest to second-degree murder. Respondent-Appellee State of Hawai'i (State) moved that Marks be sentenced to an extended term of imprisonment as a persistent offender. The Circuit Court granted the State's motion and sentenced Marks to life imprisonment without the possibility of parole. The Circuit

---

[1] The Honorable Virginia Lea Crandall presided.

Court entered its judgment of conviction and sentence on November 8, 2004. Marks did not file a direct appeal of his conviction or sentence.

On September 27, 2005, Marks filed his first "Petition for Post-Conviction Relief" pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (First Rule 40 Petition). Marks alleged that his counsel had been ineffective for failing to object to and appeal his extended term sentence as illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). The Circuit Court issued its order denying Marks's First Rule 40 Petition on May 9, 2006. Marks filed a notice of appeal from the order denying his First Rule 40 Petition. However, Marks's appeal was subsequently dismissed by this court because Marks failed to file an opening brief.

On November 13, 2009, Marks filed his second "Petition for Post-Conviction Relief" pursuant to HRPP Rule 40 (2006) (Second Rule 40 Petition). Marks was also permitted to supplement his Second Rule 40 Petition with additional grounds for relief. On January 3, 2011, the Circuit Court denied Marks's Second Rule 40 Petition, as supplemented, by filing its Order Denying Second Rule 40 Petition.

II.

On appeal, Marks argues: (1) his counsel provided ineffective assistance by failing to object to and appeal his extended term sentence under Apprendi and Blakely; (2) his extended term sentence was invalid, where the court, and not a jury, made the findings necessary for the extended term sentence and because the extended term statute under which he was sentenced was void ab initio under State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (hereinafter, "Maugaotega II"); (3) the prosecutor engaged in misconduct and violated the terms of the State's plea agreement by moving for an extended term of imprisonment; (4) the indictment was defective for failing to allege facts necessary to warrant an extended term of imprisonment; (5) the Circuit Court abused its discretion in not

2

appointing counsel to assist in his Second Rule 40 Petition; and (6) the Circuit Court erred in denying his Second Rule 40 Petition without a hearing.

We resolve Marks's arguments on appeal as follows:

1. We reject Marks's claim that his counsel provided ineffective assistance by failing to object to and appeal Marks's extended term sentence under Apprendi and Blakely. Marks is barred from raising this claim because it was previously raised, ruled upon, and denied in connection with his First Rule 40 Petition. HRPP Rule 40(a)(3). But even if we consider Marks's claim on the merits, he is not entitled to any relief. Prior to its 2007 decision in Maugaotega II, the Hawai'i Supreme Court had steadfastly held that Hawai'i's extended term sentencing scheme complied with Apprendi and Blakely. See Maugaotega II, 115 Hawai'i at 437-42, 168 P.3d at 567-72; State v. Rivera, 106 Hawai'i 146, 156-64, 102 P.3d 1044, 1054-62 (2004); Loher v. State, 118 Hawai'i 522, 536, 193 P.3d 438, 452 (App. 2008). Marks's counsel was not ineffective for failing to object at Marks's sentencing and to pursue an appeal on grounds that were contrary to controlling precedent of the Hawai'i Supreme Court.

2. We reject Marks's attempt to collaterally attack his extended term sentence. Marks's extended term sentence was valid when his conviction and sentence became final, and therefore, Marks is not entitled to collaterally attack his sentence on the ground that a judge, and not a jury, made the findings necessary for the extended term sentence. Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54; see State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005). In addition, contrary to Marks's claim, the extended term statute under which his sentence was imposed was not rendered void *ab initio* by Maugaotega II. See State v. Jess, 117 Hawai'i 381, 386-89, 406-15, 184 P.3d 133, 138-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398

3

n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54.

3. Marks's claim that the prosecutor engaged in misconduct and violated the terms of the State's plea agreement by moving for an extended term of imprisonment is conclusively refuted by the record. Marks's own statements at his change of plea hearing belie his claim of a purported plea agreement in which the State agreed not to seek an extended term. At the change of plea hearing, Marks acknowledged his understanding that the State may file a motion for an extended term of imprisonment and that if the Circuit Court were to grant such motion, he could be sentenced to life imprisonment without the possibility of parole. Marks also informed the Circuit Court that he did not have any plea agreement with the State and that no promises had been made to him to induce him to plead no contest to the second-degree murder charge.

Moreover, the letter from the State that Marks relies upon to support his claim that the State had agreed not to move for an extended term actually serves to contradict his claim. In the letter, the State plainly indicates to Marks's counsel that it is moving for an extended term based on Marks's status as a persistent offender, but that it will not be seeking an extended term based on Marks's dangerousness. The State's letter does not reflect any agreement not to move for an extended term. The State moved that Marks be sentenced to an extended term as a persistent offender, and the Circuit Court granted the State's motion on that ground. Marks's claim that his extended term of imprisonment was the result of prosecutorial misconduct or the State's breach of a plea agreement is without merit.

4. Marks's reliance on Jess to support his claim that the indictment was defective for failing to allege facts necessary to warrant an extended term of imprisonment is misplaced. The court in Jess held that the new charging rule it was announcing would only apply prospectively to charging instruments filed after the date of the decision. Jess, 117

4

Hawai'i at 398-404, 184 P.3d at 150-156. Because Marks's indictment was filed long before the Jess decision, the new charging rule announced in Jess did not apply to Marks's case, and Marks's challenge to the validity of his indictment is unavailing.

5.     Based on the foregoing, we conclude that Marks's Second Rule 40 Petition failed to show a colorable claim for relief. Accordingly, the Circuit Court did not err in denying Marks's request for appointment of counsel and in denying his Second Rule 40 Petition without a hearing. See HRPP Rule 40(f) and (i); Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

III.

We affirm the Order Denying Second Rule 40 Petition entered by the Circuit Court.

DATED: Honolulu, Hawai'i, April 30, 2012.

On the briefs:

Donald B. Marks
Appellant-Petitioner Pro Se

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge